EDWARD J. McDONALD, an Infant, by DAVID E. McDONALD, Guardian ad Litem, Respondent, v. ANDREW WISCHERTH, as President of the Past Chief Rangers Benevolent Association of Kings County, Appellant, and JOHN ENGLIS & SON, INCORPORATED, Defendant.— Order, in so far as it grants plaintiff's motion to vacate and set aside judgment for costs, affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

HENRY W. C. MICHELSEN, Respondent, v. VINCENT DE MARTINI, Appellant.— Judgment modified by remitting the case to the Special Term to ascertain and determine the difference between the moneys received by defendant as holder of the fifty-one shares of stock as " dividends " or " profits " thereon and the $500 received by the plaintiff, together with six per cent annual interest on said dividends or profits, and in all other respects the judgment is unanimously affirmed, with costs to respondent. If defendant is entitled to be paid for alleged services rendered the corporation, that matter is one between him and the corporation, and is not a subject for determination in this action. Had the learned Special Term justice made a finding, upon proof, of the amount of money of which the defendant possessed himself as the purported owner of the fifty-one shares of stock and incorporated such amount in the judgment with proper directions for its repayment, we would have been enabled to affirm the judgment without modification. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

MARGARET MOTISI, as Administratrix, etc., of SIMONE MOTISI, Deceased, Appellant, v. LOUIS BROWN, Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to appellant to abide the event. We are of opinion that the court erred in holding that plaintiff had failed to prove any negligence on the part of defendant. There is proof that defendant's car was being driven fast as it approached plaintiff's intestate and that it did not slacken its speed at all until plaintiff's intestate was struck. The testimony that the car went but a short distance after the collision does not, as a matter of law, disprove defendant's negligence. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL KASSEL, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.